Judge Bucener,
delivered the opinion of the court.
This was an action of trespass vi el armis, in which the appellee was plaintiff and the appellant was defendant in the circuit court, prosecuted upon a charge of forcibly taking, carrying away, and converting to defendant’s use, a female slave, the property of the appellee.
The trial was had, upon the plea of “not guilty.” Verdict and judgment, for the appellee, for |j 130 and costs.
During the progress of the trial in the circuit court, various points were submitted and decided, and exceptions taken to the opinions delivered. Among others, a motion to instruct the jury, as in case of non-suit, was made and overruled. We deem it unnecessary, to notice any other, as we are of opinion, that motion was improperly overruled.
*382 Had the appellee proved, that he was in the actual possession of the slave when the alleged trespass was committed; and that the appellant took,or aided another in forcibly taking her from his possession, and at that point, had closed the examination of his witnesses; he would have been entitled to a verdict. But the appellee introduced testimony, shewing that the sheriff of Caldwell county, where the trespass is alleged to have been committed; had, in his hands, an execution of fieri facias, against him, (the appel-lee) and his brother, John Mercer, as administrators of the estate of their deceased father, and that the slave in the declaration named, belonged to their father, at the time of his death; that the sheriff, under the execution, in pursuance of the order of the appellant, and in his presence, levied it upon, and sold her, in part discharge of it.
Now, it is evident, under this aspect of the case, that the appellee had no right to maintain his action, unless he had also proved, that between the death of his father, and the levy made, he had become individually entitled to the slave, for, as the trial took place, as has been remarked, upon an issue formed, on the plea of “not guilty;” if the appellant could not have introduced the execution and levy made on it, as evidence to bar the action; yet the appellee himself, introduced proof of them, and by his own testimony, showed, that the slave had been seized and sold by an officer; under an execution, to which she was subject.
But the appellee also proved, that an agreement had been made between himself and co-administrator, previous to the time at which the levy was made, that he should be individually the owner of the slave and pay debts, due by his father’s estate, to an amount equal to her value; and that, in pursuance of the agreement, he did pay debts, to an amount greater than her value. No debts, according to the statement of the witness, were specified at the time of the contract, nor could he point out any particular debts which had been paid. It is unnnecessary however, in deciding, whether the opinion of the circuit court was correct, to determine how far such a contract between administrators, if indeed it deserves that name, *383 ■should be regarded. It is very certain that the ap* pellee had not acquired any individual right to the slave, and that she was, therefore, subject to the ecution; unless he had with the intention of making her his property, paid with his own money, previous •to the time at which the officer received the execution, debts of- his intestate, to an amount equal to her value; and to establish those facts, the testimony introduced by him, was obviously insufficient.
^e.hearinf°r &
The judgment of the circuit court must be reversed and the cause remanded, with directions for a new trial to be had, not inconsistent with this opinion.